# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TONY PEROULIS,<br><br>       Plaintiff,<br><br>v.<br><br>PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, an individual, et al.,<br><br>       Defendants. | 2:07-CV-284 JCM (GWF)<br><br>Date:    N/A<br>Time:    N/A |

**ORDER**

Presently before the court are defendant's motion to dismiss (#29) filed on April 24, 2007, motion requesting leave to amend answer (#40) filed on May 22, 2007, and motion requesting a cease and desist order (#41) filed on May 22, 2007. Plaintiff filed a response to motion to dismiss (#31) on May 14 2007. Plaintiff filed a response to motion requesting a cease and desist order (#45) on June 6, 2007. Defendant filed a reply (#48) on June 12, 2007.

**1. Motion to Dismiss**

Defendant's motion to dismiss plaintiff's complaint (#29) pursuant to Fed. R. Civ. P. 12(b)(6) alleges plaintiff made misrepresentations in the complaint. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing the sufficiency of a complaint in the

**James C. Mahan**
**U.S. District Judge**

1  context of a motion to dismiss, all well-pleaded allegations of a complaint must be treated as
2  true. *Miree v. Dekalb County, Ga.*, 433 U.S. 25 (1977).

3  The complaint (#1) alleges, *inter alia*, breach of fiduciary duty, breach of contract,
4  and conversion against defendant. In reviewing the sufficiency of defendant's motion to
5  dismiss, the court must accept all allegations contained in the complaint as true, regardless
6  of any misrepresentations made therein. Consequently, plaintiff's alleged misrepresentations
7  are an insufficient basis for a motion to dismiss.

**2. Leave to Amend**

9  Defendant's motion requesting leave to amend answer (#40) alleges his limited access
10 to a law library while incarcerated resulted in deficiencies in his answer. No opposition has
11 been filed. "[A] party may amend the party's pleading . . . by leave of the court or by written
12 consent of the adverse party, and leave shall be freely given when justice so requires." Fed.
13 R. Civ. P. 15(a). According to defendant, while incarcerated at the North Las Vegas
14 Detention Center, he has been subjected to long periods of lock down and allowed only one
15 hour of access to a law library per week which did not afford him an opportunity to conduct
16 thorough legal research. Therefore, leave to amend is proper in this case.

**3. Cease and Desist Order**

18 Defendant filed a motion requesting a cease and desist order (#41) alleging "well
19 known associates of the defendants are being constantly harassed by plaintiffs with acts
20 notwithstanding dissuasion, coercion, and threats that are terrorizing those close
21 relationships." (Docket #41, p1:19-23). "An application to the court for an order shall be by
22 motion which, unless made during a hearing or trial, shall be made in writing, shall state with
23 particularity the grounds thereof, and shall set forth the relief or order sought." *See* Fed. R.
24 Civ. P. 7(b)(1). The standard for particularity is whether the "document filed affords notice
25 of the grounds and prayer of the motion to both the court and to the opposing party, providing
26 that party with a meaningful opportunity to respond and the court with enough information
27 to process the motion correctly" *See Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1347

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  (Fed. Cir. 2005) (citing *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805,
2  807-808 (Fed. Cir. 1990).

3      Defendant failed to state the grounds upon which his motion is based with
4  particularity. Defendant neither names his "well known associates" who are being harassed
5  nor identifies the acts which he thinks are improper.  Consequently, defendant's motion does
6  not afford plaintiff fair notice of defendant's allegations or a meaningful opportunity to
7  respond.  Further, the court cannot craft a meaningful order without knowing the identities of
8  the persons being harassed.

9      In addition, defendant's motion contains no points and authorities supporting his
10  request for relief.  Pursuant to Local Rule 7-2(a) "[a]ll motions, unless made during a hearing
11  or trial . . . shall be supported by a memorandum of points and authorities."  Motions must
12  contain factual evidence to support allegations made and legal authority to support
13  conclusions drawn.  "The failure of a moving party to file points and authorities in support
14  of the motion shall constitute a consent to the denial of the motion." LR 7-2(d).  Defendant
15  offers no factual or legal support for the allegations and conclusions contained in his motion.

16      Having reviewed defendant's motion requesting a cease and desist order (#41),
17  defendant's motion requesting leave to amend answer (#40), defendant's motion to dismiss
18  (#29), all relevant documents in this matter, and for good cause shown:

19      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion
20  to dismiss (#29) be, and the same hereby is, DENIED.

21      IT IS FURTHER ORDERED that defendant's motion requesting leave to amend
22  answer (#40) be, and the same hereby is, GRANTED.

23      IT IS FURTHER ORDERED that defendant's motion for a cease and desist order
24  (#41) be, and the same hereby is, DENIED.

25      DATED this 1st day of August, 2007.

26

27                                          _____
28                                          UNITED STATES DISTRICT COURT

**James C. Mahan**
**U.S. District Judge**