# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TONY PEROULIS,

        Plaintiff,

v.

PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, an individual, et al.,

        Defendants.

2:07-CV-284 JCM (GWF)

Date:    N/A
Time:    N/A

## ORDER

Presently before the court is the defendant's motion for relief from entry of default judgment (#95) filed on November 21, 2007. On December 10, 2007, plaintiff filed a response to the defendant's motion for relief (#100). Defendant filed a reply (#108) on January 4, 2008.

## Background

Defendant requests that this court grant relief from the entry of default judgment. The defendant claims that, due to defendant Kriston's incarceration, he was unable to promptly retain representation by licensed counsel and, therefore, also unable to file an adequate and timely. Defendant argues that this explanation qualifies for relief under excusable neglect.

Plaintiff responds in opposition to the defendant's motion and refers to the chronology of the case as well as the lack of a meritorious defense. Plaintiff notes that the original complaint was filed

**James C. Mahan**
**U.S. District Judge**

on March 6, 2007 and served on the defendant on March 13, 2007. On March 21, 2007, defendant filed an answer (#13) without representation of a licensed attorney. In response, on April 26, 2007, the plaintiff filed a motion for entry of clerk's default (# 26) and the clerk entered default on April 27, 2007. The defendant filed an emergency answer to the default and motion for reconsideration (#39), on May 22, 2007. These motions were denied on May 29, 2007, noting that only a licensed attorney may represent a corporation. Plaintiff argues that defendant retained counsel in the last week of September 2007, prior to the default judgment entered on October 30, 2007. Based on this chronology as well as defendant's counsel attendance at deposition and hearing in October 2007, the plaintiff argues that there is no excusable neglect for the defendant's failure to answer.

## Analysis

Under Fed. R. Civ. P. 60(b)(1), a court may relieve a party from judgment based on "mistake, inadvertence, surprise or excusable neglect." According to the Ninth Circuit, a trial court may deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. *In re Hammer,* 940 F.2d 524, 526 (9th Cir. 1991). Here, the plaintiff has not raised any issues of prejudice, therefore this court will only consider the conduct that led to default and whether defendant has a meritorious defense.

### I.  CULPABLE CONDUCT

A party's conduct is considered culpable where he has received actual or constructive notice that an action has been filed and he has failed to answer the complaint. *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985). Defendant Kriston, as the sole officer and representative of the corporate defendants, had actual notice of the action in March 2007 and was further notified, by the court, of the need for representation by counsel in May 2007. Although the defendant retained counsel and had notice of the plaintiff's motion for default judgment, the defendant and his alter ego business entities did not take action or respond until after the default judgment was ordered on October 30, 2007. Under these circumstances, the defendant's culpable

James C. Mahan
U.S. District Judge

- 2 -

conduct contributed to the default judgment.

**II.     MERITORIOUS DEFENSE**

In evaluating a motion to vacate default judgment, the court must consider if the defendant has a meritorious defense. *In re Hammer,* 940 F.2d at 526. The court must "determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986).

Here, the plaintiff alleges that Kings Court Command, LLC and Kings Court Command Corporation are the alter egos of defendant Kriston. Under Nevada law, "corporations are generally treated as separate legal entities." *LFC Marketing Group, Inc. v. Loomis,* 116 Nev. 896, 902 (2000). Nevertheless, "the equitable remedy of piercing the corporate veil may be available to a plaintiff where it appears that the corporation is acting as the alter ego of a controlling individual." *Id.*

A finding of an alter ego must be established by a preponderance of evidence based on the following elements: (1) the corporation must be influenced and governed by the person asserted to be the alter ego; (2) there must be unity of interest and ownership such that one is inseparable from the other; and (3) the facts must be such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice. *Id.* at 904. Furthermore, the following factors may indicate existence of the alter ego relationship: (1) commingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure to observe corporate formalities. *Id.*

The court finds that the evidence demonstrates that the defendant business entities are alter egos of defendant Kriston. The corporate documents filed with the Nevada Secretary of State indicate that defendant Kriston is, respectively, the sole officer and sole managing member of the business entity defendants. (*See* # 100, Exhibit 2-3). As such, the first element is satisfied because the business entities are under the ultimate and exclusive authority of defendant Kriston.

Additionally, the sworn deposition of Zachary Kriston and other documentary evidence on file indicate that the funds transferred to the business entities were diverted, without the plaintiff's

**James C. Mahan**
**U.S. District Judge**

- 3 -

authorization, for personal and gambling use. *(See* #100, Exhibit 8). Additionally, the defendant treated the corporate funds as his own by continuously gambling at several Las Vegas casinos under the name of these business entities. This evidence satisfies the second element requiring unity of interest and ownership.

Under these circumstances, the court finds that adherence to the corporate fiction would sanction fraud and promote injustice, and that the defendant entities are the alter ego of defendant Kriston.

**Conclusion**

The court finds that the defendant's motion to set aside default judgment (#95) fails to demonstrate both excusable neglect and a meritorious defense.

Upon consideration of the defendant's motion for relief from entry of default judgment (#95), the plaintiff's response (#100), and defendant's reply (#108),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's motion (#95) be, and the same hereby is, DENIED.

DATED this 25th day of February, 2008.

_____
James C. Mahan
UNITED STATES DISTRICT COURT

**James C. Mahan**
**U.S. District Judge**

- 4 -