# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TONY PEROULIS,

    Plaintiff,

v.

PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, an individual, et al.,

    Defendants.

2:07-CV-284 JCM (GWF)

Date:    N/A
Time:    N/A

# ORDER

Presently before the court is defendant Paul Kozak a/k/a/ Zachary Kriston's motion to quash writ of execution. (Doc. #183). Plaintiff has responded (Doc. #186) and defendant has not filed a timely reply.

Also before the court is defendant's motion to set aside final judgment. (Doc. #184). Plaintiff has responded (Doc. #191) and defendant has not replied.

Also before the court is defendant's motion for judicial notice. (Doc. #185). Plaintiff has responded (Doc. #188) and defendant has not filed a reply.

This case stems from a failed business arrangement between the parties. When the relationship soured, this action commenced and the court entered final judgment in favor of the plaintiff for $4,900,000. (Doc. #147). The court's decision was recently affirmed by the Ninth Circuit Court of Appeals. (Doc. #190).

**James C. Mahan**
**U.S. District Judge**

1  Defendant now seeks to stay plaintiff's collection attempts (Doc. # 180, 181, 182) under 28
2  U.S.C. § 1963. This statute allows a judgment in an action to recover money to be registered in a
3  district other than where the judgment was entered only after becoming final on appeal or after the
4  time for appeal expires. 28 U.S.C. § 1963. However, all three challenged writs of execution were
5  filed in the District of Nevada. In addition, the judgment has since become final on appeal. (Doc.
6  #190). Therefore, the motion to quash the writ of execution (Doc. #183) is denied.

7  Defendant also seeks to set aside or amend the final judgment against him based on fraud
8  upon the court. (Doc. #184). A party must generally move for such relief "within a reasonable time"
9  or in the case of fraud, "no more than a year after the judgment." Fed. R. Civ. P. 60(c)(1). In
10 addition, a motion to amend a judgment must be made "no later than 28 days after the final
11 judgment." Fed. R. Civ. P. 59(e). Here, the final judgment was entered on June 5, 2008. Defendant's
12 motion was filed on December 31, 2009, more than a year and a half after the judgment. As such,
13 the motion is untimely and must be denied.

14 Finally, defendant asks the court to take judicial notice of purported newly discovered
15 evidence. (Doc. #185). In order for this court to take judicial notice, the facts must not be subject to
16 reasonable dispute. Fed. R. Evid. 201(b). This court finds plaintiff's response (Doc. #188) provides
17 compelling evidence that the evidence presented by defendant is subject to reasonable dispute.
18 Therefore, defendant's motion is denied.

19 Accordingly,

20 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to
21 quash writ of execution (Doc. #183) be, and the same hereby is DENIED.

22 IT IS FURTHER ORDERED that defendant's motion to set aside final judgment (Doc. #184)
23 be, and the same hereby is, DENIED.

24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that the defendant's motion for judicial (Doc. #185) notice be, and the same hereby is, DENIED.

DATED this 19th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -