1
2
3
4
5
6        **UNITED STATES DISTRICT COURT**
7        **DISTRICT OF NEVADA**

8  TONY PEROULIS,                              2:07-CV-284 JCM (GWF)
9         Plaintiff,
                                               Date:      N/A
10  v.                                         Time:      N/A
11
   PAUL KOZAK a/k/a ZACHARY
12  KRISTON a/k/a ZACHARY KING, an
    individual, et al.,
13
          Defendants.
14

15

16                                    **ORDER**

17     Presently before the court is plaintiff Tony Peroulis' motion for writ of attachment. (Doc.
18  #196). Defendant has responded (Doc. #198) and plaintiff has not filed a timely reply.
19     Also before the court is defendant Paul Kozak a/k/a/ Zachary Kriston's motion to quash writ
20  of execution. (Doc. #197). Plaintiff has not responded.
21     This case stems from a failed business arrangement between the parties. When the
22  relationship soured, this action commenced and the court entered final judgment in favor of the
23  plaintiff for $4,900,000. (Doc. #147). The court's decision was recently affirmed by the Ninth Circuit
24  Court of Appeals. (Doc. #190).
25     Plaintiff now seeks to satisfy his judgment by attaching a bank account he has purportedly
26  discovered at Bank of America in the name of one of the defendant corporations. Money judgments
27  are enforced by writs of execution. Fed. R. Civ. P. 69(a)(1). However, the procedure on execution
28

**James C. Mahan**
**U.S. District Judge**

is governed by the law of the state where the district court that granted the judgment sits. *Id.* Under Nevada law, an application for a writ of attachment must be accompanied by an affidavit setting forth grounds for attachment as well as the details of the requested attachment. Nev. Rev. Stat. 31.020. Here, the plaintiff has not attached such an affidavit. Therefore, the application for writ of attachment is denied.

Defendant's motion seeks to stay plaintiff's collection attempts (Doc. #195) under 28 U.S.C. § 1963. This statute allows a judgment in an action to recover money to be registered in a district other than where the judgment was entered only after becoming final on appeal or after the time for appeal expires. 28 U.S.C. § 1963. However, all the challenged writ was filed in the District of Nevada. In addition, the judgment has since become final on appeal. (Doc. #190). Therefore, the motion to quash the writ of execution (Doc. #197) is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for writ of attachment (Doc. #196) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED that defendant's motion to quash writ of execution (Doc. #197) be, and the same hereby is, DENIED.

DATED this 23rd day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -