UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY PEROULIS,<br><br>        Plaintiff,<br><br>v.<br><br>PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, an individual, et al.,<br><br>        Defendants. | 2:07-CV-284 JCM (GWF)<br><br>Date:    N/A<br>Time:   N/A |

**ORDER**

Presently before the court is defendant Kriston's motion to reopen case (doc. #217). To date, no response has been filed. Defendant Kriston has also filed a motion to vacate (doc. #223) to which plaintiff has failed to respond.

Also before the court is plaintiff's renewed motion for partial summary judgment (doc. #218). Defendant Zachary Kriston has responded (doc. #224), and the plaintiff has replied (doc. #22). Plaintiff has also requested sanctions (doc. #229), and the defendant has responded with a motion to strike and for counter-sanctions (doc. #227), to which the plaintiff has responded (doc. #228), and the defendant has replied (doc. #230).

Finally before the court is plaintiff's motion to withdraw as attorney (doc. #225).

**I.    Motion to Reopen Case and Motion to Vacate**

On January 27, 2011, the Ninth Circuit Court of Appeals granted the parties' stipulation for

**James C. Mahan**
**U.S. District Judge**

1  voluntary dismissal of appeal. (Doc. #210). Thereafter, defendant Kriston filed the instant motion
2  to reopen the case. (Doc. #217). When plaintiff failed to respond, defendant entered a motion to
3  vacate (doc. #223), "requesting that this Court enter an Order in modifying and correcting the docket
4  entries accordingly to terms in which the Plaintiff had stipulated and agreed in the Ninth Circuit
5  Court of Appeals. . . ." (Doc. #223 at 1:19–21). Defendant notes that "Honorable District Judge
6  James Mahan failed to place any appropriate Order on record of AFFIRMED Judgments (January
7  19, 2010) of the Ninth Circuit being withdrawn." (*Id.* at 2:22–24). The order on mandate (doc. #222)
8  indicated only dismissal of the appeal rather than entering terms stipulated before the Ninth Circuit.

9  Defendant Kriston has presented the parties' stipulated motion to dismiss appeal pursuant
10 to Rule 42(b), in which the parties agreed that four writs of execution (docs. #180, 181, 182, 195),
11 the order granting motion for final judgment (doc. #147), and clerk's judgment (doc. #148) be
12 vacated and remanded for failure to provide notice to defendant as required by *Klingele v.*
13 *Eikenberry*, 849 F.2d 409 (9th Cir. 1988). (Doc. #217, ex. 2 at 2:11–16). The Ninth Circuit granted
14 the stipulated motion for voluntary dismissal (doc. #217, ex. 1), and this court entered an order on
15 that mandate (doc. #222). Accordingly, defendant's motion to reopen the case (doc. #217) is granted,
16 and the above-cited documents are hereby vacated in accordance with the parties' stipulated
17 resolution of the appeal.

18 **II.     Motion for Summary Judgment, Motion to Strike, and Motions for Sanctions**

19 Plaintiff filed the motion for partial summary judgment on December 14, 2007 (docs. #102,
20 103, 124). Although defendant Kriston never filed an opposition as required by local rule 7-2(b),
21 under *Martinez v. Stanford*, "a nonmoving party's failure to comply with local rules does not excuse
22 the moving party's affirmative duty under [Federal Rule of Civil Procedure] 56 to demonstrate its
23 entitlement to judgment as a matter of law." 323 F.3d 1178, 1183 (9th Cir. 2003). Accordingly, the
24 court reviewed the merits of the motion for summary judgment to determine whether plaintiff had
25 in fact demonstrated an entitlement to judgment as a matter of law. The court found that plaintiff had
26 met his burden on each of the claims and granted the motion. (Doc. #126). However, in resolving
27 defendant's appeal, the parties have stipulated to vacating the order granting the motion for summary
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

judgment, and the appellate court remanded the issue.

The court again concludes that the plaintiff is entitled to judgment as a matter of law. First, the court declines to consider the previously-undisclosed evidence attached to defendant's opposition, as discovery ended on November 14, 2007 (doc. #38). Second, most of the argument made in the response brief (doc. #224) is conclusory and unsupported by authenticated evidence. Accordingly, the court adopts the rationale for granting the motion memorialized in the court's April 10, 2008, order (doc. #126 at 2:4–23) and again finds that plaintiff is entitled to judgment as a matter of law.

### III.    Motions for Sanctions

In conjunction with the opposition to the motion for summary judgment, defendant Kriston has also filed a motion for sanctions against plaintiff Peroulis. (Doc. #227). Specifically, Kriston alleges that Peroulis fraudulently submitted "Exhibit 9" and that Peroulis has violated the court's order (doc. #75) of non-disclosure of confidential information. To remedy these alleged violations, Kriston requests "for all Peroulis pleadings to be stricken in whole, as the pleadings have attempted fraud, fraudulent concealment of facts, and have perpetrated the furthering fraud upon the court. . . ." (Doc. #227 at 43–6).

Plaintiff Peroulis has responded with a counter-motion for sanctions under Federal Rules of Civil Procedure 37 and 16, alleging that the evidence attached to Kriston's opposition contains documents and statements never produced during discovery. Peroulis urges the court to find Kriston's refusal to comply with the court's scheduling order on discovery sanctionable, to strike Kriston's answer, and to hold all undisclosed evidence inadmissible. (Doc. #227).

The court finds defendant's allegations of fraud baseless. Although defendant has cited to an "exhibit 9" as evidence of Peroulis' bad faith, defendant offers no explanation or context for this claim, and the court is unable to find any evidence of fraud in the record. The defendant's motion is therefore denied. Conversely, the court agrees with plaintiff that the defendant has failed to participate in discovery and cannot now offer the evidence attached to the opposition to the motion for summary judgment. Although the court will not consider the evidence in addressing the motion

**James C. Mahan**
**U.S. District Judge**

- 3 -

for summary judgment, the court finds further sanctions against the defendant unwarranted.

**IV.	Motion to Withdraw as Attorney**

The firm of Hutchison & Steffen, LLC, has filed notice of termination of representation of the plaintiff in this case. Whereas plaintiff continues to be represented by E. Robert Spear of Remmell & Spear, the court grants the motion to withdraw.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to reopen case (doc. #217) is GRANTED;

IT IS FURTHER ORDERED that plaintiff's renewed motion for partial summary judgment (doc. #218) is hereby GRANTED;

IT IS FURTHER ORDERED that defendant's motion to vacate (doc. #223) is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff's motion to withdraw as attorney (doc. #225) is hereby GRANTED;

IT IS FURTHER ORDERED that defendant's motion to strike (doc. #227) is hereby DENIED;

IT IS FURTHER ORDERED that plaintiff's motion for sanctions (doc. #229) is hereby DENIED.

DATED this 13th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -