# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TONY PEROULIS, | |
| Plaintiff, | Case No. 2:07-cv-00284-JCM-GWF |
| vs. | **ORDER** |
| PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, *et al.*, | Motion Requesting Recusal (#235) |
| Defendants. | |

This matter is before the Court on Defendant Zachary Kriston a/k/a Paul Kozak's Motion Requesting Recusal (#235), filed May 26, 2011.

Defendant requests that the undersigned recuse himself because of adverse rulings entered against Defendant in this case. Generally, Defendant claims that the adverse rulings stem from the undersigned's alleged "personal bias prejudice, and extrajudicial efforts to aid [Plaintiff]" and (2) the undersigned's alleged bias against Defendant due to his status as an incarcerated individual. There are two federal statutes which govern recusal or disqualification of a judge – 28 U.S.C. § 144 and § 455. Defendant has failed to meet the standard under either statute to support his current request.

Pursuant to 28 U.S.C. § 144, a party seeking recusal must set forth, by affidavit, facts and reasons for the belief that bias or prejudice exists. Although a motion to recuse under section 144 is generally assigned to another judge, *Hussein v. University of Community College System of Nevada*, 2010 WL 3385298 (D. Nev. 2010), "the legal sufficiency of the motion is first determined by the judge against whom the recusal is sought." *Id*. (citation omitted). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *E.g.*, *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.

1986). Alleged prejudice must result from an extrajudicial source. *Id*. Neither a judge's prior adverse ruling nor a litigant's suit or threatened suit against the judge is sufficient cause for recusal. *Id*. at 939-40; *see also United States v. Ross*, 116 F.3d 487 (9th Cir. 1997) (cannot create a basis for recusal by naming federal judges in ongoing litigation efforts). A judge has a duty not to recuse when there is no sound reason to do so. *United States v. Coppola*, 2008 WL 4186253 (D. Nev. 2008).

The primary reasons identified for recusal are Defendant's disagreement with this Court's prior orders and a case he filed naming the undersigned as a potential defendant (case No. 2:09-cv-00708-RCJ-LRL). Neither of these reasons is sufficient to warrant recusal. Defendant has not identified any extrajudicial source of bias or prejudice that would permit a reasonable person with knowledge of all the facts to conclude the undersigned impartiality might reasonably be questioned.

The substantive test for bias or prejudice is identical in sections 144 and 28 U.S.C. § 455. *Serino v. Florisi*, 2010 WL 2927304 (D. Nev. 2010) (citing *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980)). Section 455 is self-enforcing on the part of the judge. *See e.g.*, *United States v. Jaramillo*, 745 F.2d 1245, 1248 (9th Cir. 1984). Under section 455, a judge is required to recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" or "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §§ 455(a), (b)(1). Here, Defendant advances the same argument for disqualification under section 455 as he did under section 144. They fail for the reasons previously identified. Neither dissatisfaction with prior orders nor filing suit, or threatening to file suit, are sufficient grounds for recusal. There is simply no evidence of prejudice or bias before the Court that would warrant recusal. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zachary Kriston a/k/a Paul Kozak's Motion Requesting Recusal (#235) is **denied**.

DATED this 7th day of July, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**

2