# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TONY PEROULIS,

        Plaintiff,

v.

PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, an individual, et al.,

        Defendants.

2:07-CV-284 JCM (GWF)

Date:    N/A
Time:    N/A

**ORDER**

    Presently before the court is defendant Paul Kozak a/k/a Zachary Kriston's motion requesting recusal (doc. #234). Also before the court is defendant's motion for reconsideration (doc. #236) of the order granting partial summary judgment for the plaintiff on May 16, 2011 (doc. #231). Plaintiff Tony Peroulis filed an opposition (doc. #237). Defendant filed a reply (doc. #239).

    This case stems from a failed business arrangement between the parties. When the relationship soured, this action commenced, and the court entered final judgment in favor of the plaintiff for $4,900,000 (doc. #147). The court's decision was affirmed by the Ninth Circuit Court of Appeals (doc. #190).

    Defendant now seeks recusal of the presiding judge, District Judge James C. Mahan (doc. #234). He also seeks to have the order granting defendant partial summary judgment (doc. #231) reconsidered (doc. #236).

**James C. Mahan**
**U.S. District Judge**

I.     **MOTION REQUESTING RECUSAL (DOC. #234)**

Defendant requests the undersigned to recuse himself from further proceedings in accordance with 28 U.S.C. §§ 144 and 445. "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (*citing* 28 U.S.C. § 455). Pursuant to § 144, a party seeking recusal must set forth, by affidavit, facts and reasons for belief that bias or prejudice exists. *See* 28 U.S.C. § 144.

"Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Under section 144, the judge against whom recusal is sought makes the initial determination of legal sufficiency of the motion before another judge may be assigned to hear the motion. *Hussein v. University and Community College System of Nevada*, 2010 WL 3385298 at *1 (*citing United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)). Unlike section 144, section 445 is a self enforcing statute empowering the judge against whom recusal is being sought to make the ultimate decision on its validity. *Hussein*, 2010 WL 3385298 at *2 (*citing Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 867-68 (1988)).

Under either section, the standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Alleged prejudice must come from an extrajudicial source, and neither a judge's prior adverse ruling nor a litigant's suit or threatened suit against a judge is sufficient cause for recusal. *Id.* at 939-40.

Defendant asserts that he has "experienced great prejudice and personal bias demonstrated by Magistrate Judge Foley and District Judge Mahan." (doc. #234). Defendant's primary justification for recusal is his disagreement with adverse judgments previously rendered against him by this court (*see* doc. #234). This is an insufficient reason for recusal. *See Studley*, 783 F.2d at 939. Accordingly, the defendant's motion requesting recusal is denied.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**II.   MOTION FOR RECONSIDERATION (DOC. #236)**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* FED. R. CIV. P. 59(e); *see also* FED. R. CIV. P. 60(b).

Pursuant to LR 6-1, any "request made after the expiration of the specified period shall not be granted unless the moving party . . . demonstrates that the failure to act was the result of excusable neglect." The Ninth Circuit dictates that a district court must apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes "excusable neglect." *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir. 2010). The four factors to consider are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (*citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

On May 16, 2011, this court granted partial summary judgment to the plaintiff (doc. #231) and declined to consider previously undisclosed evidence that was submitted by defendant over three years after discovery ended on November 14, 2007. Defendant urges that the court consider this evidence because defendant was unable to fully participate in discovery due to incarceration (doc. #236).

However, the application of the *Pioneer* four factor test weighs against a finding of excusable neglect. First, there is the danger that the more than three-year delay could prejudice the plaintiff—memories could have faded, documents could have been lost, and numerous other misfortunes likely have occurred over the duration of the delay. This also speaks to the second factor, as the delay lasted a substantial amount of time, which could very seriously impact the proceedings. Third, there is no sufficient reason for the delay. Defendant refused to participate in a rule 26(f) conference to discuss discovery matters and failed to file any motion to extend the discovery deadline (doc. #237). Defendant also proved capable of participating in discovery and of filing motions with the court during his incarceration. Finally, defendant never disclosed this new

James C. Mahan
U.S. District Judge

- 3 -

information to the opposing party prior to presenting it to the court, effectively hamstringing any opportunity for plaintiff to address and respond to the evidence. Therefore, there are no viable grounds for reconsideration, and the motion is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion requesting recusal (doc. # 234) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the defendant's motion for reconsideration (doc. #236) be, and the same hereby is, DENIED.

DATED this 28th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**