UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TONY PEROULIS, | 2:07-CV-284 JCM (GWF) |
| --- | --- |
| Plaintiff, | |
| v. | Date: N/A<br>Time: N/A |
| PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, an individual, et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendant Zachary Kriston's (aka Paul Kozak) motion for leave to appeal interlocutory orders. (Doc. #243). Plaintiff Tony Peroulis has responded (doc. #246) and Kriston has replied (doc. #248).

Mr. Kriston seeks to appeal: (1) the order denying his motion to recuse Magistrate Judge Foley (doc. #240) and (2) the order denying his motion to recuse the undersigned and motion seeking reconsideration of summary judgment in favor of Mr. Peroulis (doc. #241). He also requests this court stay the proceedings pending the Ninth Circuit's resolution of the appeals.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**Discussion**

The instant motion is brought pursuant to 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Mr. Kriston's motion does not make any argument regarding what, if any, controlling question of law exists in the underlying orders or how else 28 U.S.C. § 1292(b) applies to the instant motion seeking leave to appeal. This court, however, construes the papers of Mr. Kriston broadly. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a document filed pro se is "to be liberally construed").

*1. Orders Denying Motion Seeking Recusals*

Even construing Mr. Kriston's motion broadly, this court cannot find suitable grounds to grant the motion pursuant to 28 U.S.C. § 1292(b). First, the statute requires that the underlying orders state within them that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Second, this court cannot find that the orders denying the motions seeking the recusal of Magistrate Judge Foley or the undersigned involved any such questions.

*2. Order Denying Motion Seeking Reconsideration*

The only remaining matter is the motion seeking reconsideration of the order granting partial summary judgment in favor of Mr. Peroulis. This court granted partial summary judgment to Mr. Peroulis on May 13, 2011. (Doc. #213). Mr. Kriston sought reconsideration of this order on May 26, 2011. (Doc. #236). On July 28, 2011, this court denied the motion seeking reconsideration. (Doc. #241). Plaintiff contends that the order granting partial summary judgment was a final order,

**James C. Mahan**
**U.S. District Judge**

thereby entitling Mr. Kriston to appeal in the ordinary course. However, the order that granted Mr. Peroulis partial summary judgment also vacated this court's previous orders dismissing the remaining causes of action against Mr. Kriston. (Doc. #147). Accordingly, the grant of partial summary judgment was not final, because there are additional causes of action that remain in this litigation. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). If plaintiff resubmits his motion for voluntary dismissal of the remaining causes of action (which was previously granted, then vacated), the summary judgment order would be final. However, as of now, those causes of action remain pending in this litigation.

Because the partial summary judgment order was not final, this court must consider whether it may still be appealed prior to a final decision under 28 U.S.C. § 1291. The Supreme Court has explained that appeals may be taken "from a narrow class of decisions that do not terminate the litigation . . . [but] are conclusive, [] resolve important questions completely separate from the merits, and [] would render such important questions effectively unreviewable on appeal form final judgment in the underlying action." *Id.*

The order granting partial summary judgment, and the concomitant order denying reconsideration, do not meet the standards identified by the Supreme Court in *Digital Equipment*. The summary judgment motion is conclusive as to the causes of action it addresses, but the questions it resolves go directly to the merits of this case and are intertwined with remaining causes of action. Moreover, proceeding with this litigation until a final judgment is entered would not render any "important questions effectively unreviewable." *See id.*

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Zachary Kriston's motion seeking leave to appeal interlocutory orders (doc. #243) be, and the same hereby is, DENIED.

DATED this 6th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -