# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| TONY PEROULIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PAUL KOZAK a/k/a ZACHARY KRISTON a/k/a ZACHARY KING, an individual, et al.,<br><br>　　　　Defendants. | 2:07-CV-284 JCM (CWH)<br><br>Date:　　N/A<br>Time:　　N/A |
|---|---|

### ORDER

Presently before the court are plaintiff Tony Peroulis' three motions for a writ of execution. (Docs. ## 281-83). Defendant Zachary Kriston filed a response in opposition (doc. # 284), and plaintiff filed a reply (doc. # 285).

The three motions for a writ of execution seek the following amounts from defendant: $4,900,000; $322,500; and, $4,900,000. (Docs. ## 281-83). The writs also seek interest. (*Id.*). As the sole basis for the writ, the motions cite a "judgment" that this court entered on December 23, 2011. (*See* docs. # 281-83). Plaintiff's skeletal motion cites this judgment, but provides no other basis or reasoning that entitles him to a sum of almost $10,000,000.

Further, the court order that corresponds to the judgment dated on December 23, 2011 (doc. # 263), cites a previous court order, which cites a previous court order. The "judgment" cited by plaintiffs makes no reference to an amount. (*See* doc. # 263). Plaintiff makes no attempt to connect

**James C. Mahan**
**U.S. District Judge**

any of the pieces, so the court will connect the pieces for plaintiff.

The court made two findings in the order dated December 23, 2011, that are relevant to this order. (*See* doc. # 263). This court recognized that (1) it had previously granted partial summary judgment in favor of plaintiff (doc. # 231), and (2) the court permitted plaintiff to voluntarily dismiss his remaining claims. (Doc. # 263).

The order dated December 23, 1011, is document number 263. Order 263 refers back to order number 231. This court must then determine the claims that it previously granted via summary judgment in the order that is document number 231. In that order (doc. # 231) the court made three findings regarding the summary judgment claims. First, "the court found that plaintiff had met his burden on each of the claims and granted [plaintiff's original summary judgment] motion." (Doc. # 231) (referring to this court's prior order that is document number 126).

However, in resolving one of defendant's previous appeals, "the parties stipulated to vacating the order granting the motion for summary judgment, and the appellate court remanded the issue." (*Id.*) (referring to document number 126, which was the previous grant of summary judgment). Third, on remand from the Ninth Circuit, this court "again conclude[d] that the plaintiff [was] entitled to judgment as a matter of law." (*Id.*).

To simplify, this court granted plaintiff partial summary judgment. (Doc. # 126). Plaintiff and defendant then stipulated to vacating that order. (*See* doc. # 231). Following an appeal and remand by the parties, this court then again granted summary judgment on the same claims. (*See* doc. # 231).

So, this court must refer further back through the docket to document number 126. All the way back in April of 2008, this court granted partial summary judgment in favor of plaintiff. (*See* doc. # 126). In this order, the court granted plaintiff summary judgment on the following four claims: (1) embezzlement; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and, (4) alter ego liability. (*Id.*).

The proper issue, then, is whether this particular plaintiff is entitled to writs of execution for the particular amounts listed in these writs for the causes of action granted on summary judgment

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  and under the particular statute cited by plaintiff as justification. The quick answer is no.

2  First, plaintiff seeks to register the judgment under 28 U.S.C. § 1963. This statute is not even
3  the correct statute to file this particular writ of execution. The title of this section is "Registration
4  of judgments for enforcement in other districts." "An express reason for Congress's enacting § 1963
5  was to spare creditors and debtors alike both the additional costs and harassment of further litigation
6  which would otherwise be required by way of an action on the judgment in a district court other than
7  that where the judgment was originally obtained." *Home Port Rentals, Inc. v. Int'l Yachting Group,*
8  *Inc.*, 252 F.3d 399, 404 (5th Cir. 2001) (internal quotations and citations omitted); *Hanes Supply Co.*
9  *v. Valley Evaporating Co.*, 261 F.2d 29, 30 (5th Cir. 1958) ("The legislative history of this section
10 clearly indicates that the registration statute is intended to provide all the benefits deriving from a
11 local judgment on a foreign judgment without subjecting either plaintiff or defendant to the expense
12 of a second lawsuit.").

13 Simply, plaintiff seeks a writ of execution based on this court's own order, not the order of
14 a "foreign" court. The statute was intended to facilitate the recognition of judgments between courts
15 in different districts and jurisdictions. It is inapplicable in this case and cannot provide the statutory
16 authority for these writs.

17 Next, in plaintiff's reply brief to the instant motions he states, "Mr. Peroulis requests that this
18 Court review not just one of the current, original applications (as apparently happened before), but
19 instead review all of them."[1] The court has reviewed all three of the applications. The court finds
20 that plaintiff has taken three pre-printed forms, slapped some figures on them that approach
21 $10,000,000, and found the first statute that might potentially apply (even though that particular
22 statute is completely irrelevant). Plaintiff has provided no corroborating evidence to accompany the
23 amounts stated in the "motions." Instead plaintiff assumed the court would go fishing through the

---

[1] This is not the first time plaintiff has filed skeletal motions for a writ of execution in this case. Previously, plaintiff filed four motions for a writ of execution. (*See* docs. ## 272-75). One of the four writs was the same exact writ that was previously denied because of the parties' stipulation to vacate the grant of summary judgment. The remaining three writs are identical to the current three writs.

**James C. Mahan**
**U.S. District Judge**

- 3 -

docket (as it did above), calculate the correct amount of damages plaintiff is entitled to, and thereby do all of plaintiff's work for him.

Plaintiff may re-file his motions for writ of execution. However, plaintiff should diligently provide documents or any other authenticated evidence that corroborates the amount he seeks to collect via writ of execution. Further, plaintiff must fully comply with any and all applicable statutes regarding the requirements of a writ of execution as required under Nevada statutes, NRS § 21, Enforcement of Judgments, the Federal Rules of Civil Procedure, and the local rules.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motions for a writ of execution (docs. ## 281-83) be, and the same hereby are, DENIED.

DATED November 8, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -